UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DUNCAN J. McNEIL, III,                           Civil No. 05-1315 (DWF/JGL)

    Plaintiff,

    v.                                         **REPORT AND RECOMMENDATION**

UNITED STATES AND ITS
OFFICERS & AGENTS, et al.,

    Defendants.

Plaintiff, an inmate at a jail facility in Spokane, Washington, commenced this action by filing a self-styled complaint, and an application for leave to proceed in forma pauperis, ("IFP"). Upon review of the IFP application, this Court concluded that Plaintiff is ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated July 19, 2005, (Docket No. 4), Plaintiff's IFP application was denied, and he was directed to pay the full $250 filing fee prescribed by 28 U.S.C. § 1914(a). The order expressly advised Plaintiff that if he did not pay the full filing fee by no later than August 15, 2005, the

---

[1] Section 1915(g), which was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"), provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court would recommend that this action be dismissed.

The deadline for paying the full filing fee has now passed, and Plaintiff has not tendered any fee payment. Plaintiff has filed several new documents since he was ordered to pay the full filing fee, and in some of those documents he has argued that he should be excused from paying any filing fee for this action. He contends that he should not have to pay any fee because (a) he is not really "a prisoner" for purposes of the three-strikes rule, and (b) he is "under imminent danger of serious physical injury." The Court rejects both of those arguments based on an order entered in an earlier action that Plaintiff brought in the United States District Court for the Eastern District of Washington – McNeil v. United States, et al., No. CV-05-211-AAM, (E.D.Wash. Aug. 9, 2005), 2005 WL 1915842. In that order, the District Court Judge confirmed that Plaintiff is indeed subject to the three strikes rule.[2]

Because Plaintiff has failed to pay the full $250 filing fee within the time allowed for doing so, it is now recommended, in accordance with the Court's prior order, that this action be summarily dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of

---

[2] The Judge in the Eastern District of Washington recently sent out a nationwide e-mail alert, warning federal courts across the country of Plaintiff's increasingly problematic practice of filing frivolous and vexatious lawsuits. That Judge has made it clear that (a) Plaintiff is indeed a prisoner, and (b) he is unable to show that he is in any imminent danger of serious physical injury. This Court further notes that even if Plaintiff were in imminent danger of serious physical injury, he could not obtain any suitable remedy for the matter in the present action, because he is not confined in this District, and his custodians are not subject to personal jurisdiction in the District.

cases").

Based on the Court's determination that this action should be dismissed for failure to prosecute, it is further recommended that Plaintiff's pending applications for collateral relief – i.e., (i) ex parte motion for waiver of filing fees, marshal service, and appointment of counsel, (Docket No. 2), (ii) motion for order [etc.], (Docket No. 5), (iii) motion to alter or amend findings, (Docket No. 6), (iv) ex parte motion for finding of imminent danger, (Docket No. 8), and (v) ex parte motion to amend the amended complaint, (Docket No. 9) – be summarily denied.

### RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's pending motions in this action – i.e., (i) ex parte motion for waiver of filing fees, marshal service, and appointment of counsel, (Docket No. 2), (ii) motion for order [etc.], (Docket No. 5), (iii) motion to alter or amend findings, (Docket No. 6), (iv) ex parte motion for finding of imminent danger, (Docket No. 8), and (v) ex parte motion to amend the amended complaint, (Docket No. 9) – be **DENIED**; and

2. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

Dated: September 9, 2005

                                              s/Jonathan Lebedoff
                                              JONATHAN LEBEDOFF
                                              Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>September 28, 2005</u>. A party may respond

to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.